EXHIBIT E

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401-6002 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: Jun 13 2012  8:55AM MDT**<br>**Filing ID: 44780201**<br>**Review Clerk: Beth B** |
| **THERESA DOWLING,**<br>Plaintiff(s) | ▲ COURT USE ONLY ▲ |
| v. | Case Number: 12CV2234 |
| **XCEL ENERGY,**<br>Defendant(s) | Division: 06<br>Courtroom: 5B |
| **DIVISION SIX PROCEDURE ORDER** | |

  THIS MATTER was filed in Division 6 of the Jefferson County District Court on June 11, 2012.  The Court hereby issues the following Order regarding procedure.

  Parties shall file either a Case Management Order or a Certificate of Compliance with the Presumptive Case Management Order within 49 days **from the date of this Order** or show cause in writing why this case is not at issue.  If a party appears *pro se*, the Court shall conduct a Case Management Conference on the record and issue a Case Management Order as provided by C.R.C.P. 16(b).

  In all cases, and especially if a modified Case Management Order is necessary, in compliance with the provisions of C.R.C.P. 16(b), the following provisions apply:

A. <u>Trial Setting</u>:  The parties shall set forth the trial date or a Notice to Set stating the date by which the parties will contact the Court to schedule the trial.  A notice to set shall give all parties at least seven days' notice prior to contacting the clerk.  A copy of this Notice to Set must be sent to all parties involved in the case, as well as the Court.

  After filing the Notice to Set the Plaintiff will contact the Division Clerk.  The Clerk's normal setting hours are Wednesday and Thursday from 10:00 a.m. until 12:00 p.m. at (303) 271-6160.  Once the Plaintiff has received proposed dates from the Division Clerk, the Plaintiff will clear dates with the other parties to the case.  The Plaintiff will then contact the Clerk and confirm the trial date.  Afterward, Plaintiff will send out a Notice of Trial Date to all interested parties.  The same procedure will be used to set the date for a Trial Management Conference.

  The setting of these matters shall take place no later than thirty (30) days from the filing date of the parties' Case Management Order.  The parties shall also acknowledge a duty to immediately inform the Clerk by telephone if the parties reach a settlement or the status of the trial changes.

B. <u>Mandatory Electronic Filing</u>:  All cases and pleadings filed in District Court Civil in the 1st Judicial District Court, Jefferson County shall be subject to mandatory electronic case filing. The Clerk of the Court will only accept electronically filed pleadings after this date.  In cases filed prior to March 1, 2007, all new documents filed on and after March 1, 2007 shall be filed electronically.  To view the complete requirements for electronic filing see the court's Standing Order titled "Order Regarding Mandatory Electronic Filing for District Court Civil Cases."  If a pleading is stipulated or unopposed, state that in the title of the pleading when it is e-filed (*e.g.*, Stipulated Motion to Extend Discovery Deadlines).

C. <u>Pleadings</u>:   The parties shall be concise in their pleadings.   The parties **SHALL NOT COMBINE PLEADINGS** (*i.e.*, do not file a Motion to Compel and a Motion for Protective Order in the same document).  It is also unacceptable to file a Motion and a Response or a Response and a Reply in the same document.  The parties **shall not file counter-motions** (*e.g.*, Motion to Compel and Motion to Strike Motion to Compel).  Once a motion is filed, the parties may submit a "Response" and then a "Reply."  A party is allowed twenty-one (21) days to file a response after the filing of a motion, a reply is allowed within seven (7) days of the filing of a response.

The parties <u>shall not file supplemental pleadings</u> (*e.g.*, supplemental response, surreply, etc.) **without court permission**. C.R.C.P. 121 §1-15.  All motions, which require conferral, shall contain a statement that the movant in good faith has conferred with opposing counsel about the motion. C.R.C.P. 121 §1-15(8).  The parties **shall submit a proposed order** with **each motion**.  A party's failure to comply with these provisions may result in the Court's refusal to accept the pleading.

All parties that are required to comply with C.R.C.P. 16.1, Simplified Procedure for Civil Actions, must do so.  C.R.C.P. 16.1, when applicable, shall apply unless, no later than 35 days after the case is at issue, a party files for an exclusion from this rule.

D. <u>Extension of Time</u>:   Motions for Extension of Time are discouraged as they take up significant staff time.  Parties unable to meet a deadline must promptly notify the opposing party prior to the deadline to resolve matters via stipulation.  Otherwise, the non-complying party shall file a motion (and accompanying form of order) prior to the missed deadline.  The motion shall clearly set forth the reason(s) for non-compliance and a specific plan to cure the problem.  The objecting party shall promptly file a response.  Prejudice must be pled with specificity.

E. <u>Pre-Trial Motions</u>:  All motions for summary judgment and dismissal shall be filed no later than ninety-one (91) days prior to trial.  All motions *in limine* and other pre-trial motions shall be filed no later than thirty-five (35) days prior to trial.  All *Shreck* motions shall be filed no later than seventy (70) days prior to trial.  *People v. Shreck*, 22 P.3d 68 (Colo. 2001). Within their Case Management Order, the parties shall set forth a statement of pending motions and a schedule for filing anticipated motions not mentioned above.

F. <u>Motions to Continue</u>:  All Motions to Continue, even those which are stipulated, shall be decided by the Court. C.R.C.P. 121 §1-11.  A contested Motion to Continue Trial will be decided the morning of the trial unless it is ripe at least five (5) days prior to the trial date. All parties shall be prepared to proceed to trial unless a continuance is granted.

G. <u>Settlement</u>:  The parties shall affirm that they have discussed settlement and shall set forth their plans for future efforts to settle the case. C.R.C.P 16(b)(1)(VII).  The Court is inclined to grant requests for Court ordered mediation if the moving party represents that mediation will be productive.

H. <u>Notice to Pro Se Parties</u>:  At all times during these proceedings, the parties must abide by all applicable Colorado Court Rules, including, but not limited to, Colorado Rules of Civil Procedure and the Colorado Rules of Evidence.  It is the obligation of all parties to familiarize themselves with these rules and to comply with the same.   An electronic copy of the rules can be found at http://www.michie.com/colorado/lpext.dll?f=templates&fn=main-h.htm&cp.

The parties and counsel shall observe the Case Management Order as its provisions will be strictly enforced by the Court.  **The time limits stated in this Order shall apply to each case regardless of differences with the parties' own Case Management Order.**  Failure to comply with the provisions of the Case Management Order or any other Order of the Court will result in the issuance of sanctions or dismissal of the case.

In all cases, the party that receives an order is responsible for mailing the order to all interested parties.  **Counsel/Plaintiff is ordered to send a copy of this Order to all interested parties within 48 hours and is to file a Certificate of Compliance with the Court within five days.**

Done in Golden, Colorado this 13th day of June, 2012.

BY THE COURT:

Christopher C. Zenisek
District Court Judge