IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01735-WYD-CBS

THERESA L. DOWLING,
        Plaintiff,
v.

XCEL ENERGY,
        Defendant.
_____

AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Plaintiff, Ms. Dowling's, failure to

appear at the Preliminary Scheduling Conference held on September 6, 2012, failure to

comply with the Local Rules of Practice of the United States District Court for the District of

Colorado, the Federal Rules of Civil Procedure, and a court order, failure to prosecute this

action, and failure to respond to the court's Order to Show Cause dated September 6, 2012

(Doc. # 18).  Pursuant to the Order of Reference dated July 23, 2012 (Doc. # 12), this civil

action was referred to the Magistrate Judge.  The court has reviewed the entire case file and

the applicable law and is sufficiently advised in the premises.

        Proceeding *pro se*, Ms. Dowling filed her Complaint on or about June 11, 2012 in the

Jefferson County District Court, alleging violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.*, and Colo. Rev. Stat. § 24-34-402.  (*See* Doc. # 1-1).  Defendant

removed the case to federal court on July 5, 2012.  (*See* Doc. # 1).  Defendant filed its

Answer on July 12, 2012.  (*See* Doc. # 8).  By a Minute Order dated August 1, 2012, the

_____

        [1]      The Recommendation of United States Magistrate Judge (Doc. # 20) was
amended to include the "Advisement to the Parties" at pages 4-5 of 6.

court set a Preliminary Scheduling Conference on September 6, 2012 at 10:00 a.m. in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294. (*See* Doc. # 13). The court electronically delivered a copy of the Minute Order to Ms. Dowling at her address of record with the court. (*See* Doc. # 13, Notice of electronic mailing). The court's records contain no indication that Ms. Dowling's copy of the court's Minute Order was not delivered. The court held the Preliminary Scheduling Conference on September 6, 2012. Defendants appeared through counsel. Ms. Dowling did not appear. When a member of the court's staff attempted to contact Ms. Dowling by telephone, she reached only a voicemail message. To date, Ms. Dowling has not contacted the court regarding her failure to appear.

On September 6, 2012, the court issued an Order to Show Cause to Ms. Dowling, directing her to show good cause in writing on or before Thursday, September 27, 2012 why this civil action should not be dismissed for her failure to appear at the Preliminary Scheduling Conference held on September 6, 2012, failure comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court order, and failure to prosecute this action. (*See* Doc. # 18). The court advised Ms. Dowling that failure to adequately respond to the Order to Show Cause on or before Thursday, September 27, 2012 may result in a Recommendation to the District Judge that this civil action be dismissed without further notice. (*See id.*).

Ms. Dowling has failed to appear at the Preliminary Scheduling Conference held on September 6, 2012, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court order, failed to prosecute this action, and failed to respond to the court's Order to Show Cause. Based on these instances of noncompliance, this civil action may be dismissed with

or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.");  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.");  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .");  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").[1]

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired."  *Id.* (citation omitted).  Ms. Dowling has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and analyze the limitations periods or tolling provisions applicable to Ms. Dowling's claims.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Ms. Dowling's failure to appear at the Preliminary Scheduling Conference held on September 6, 2012, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court

order, failure to prosecute this action, and failure to respond to the court's Order to Show

Cause dated September 6, 2012.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th

Cir. 1995).  A general objection that does not put the District Court on notice of the basis for

the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the

magistrate judge's report and recommendation must be both timely and specific to preserve

an issue for de novo review by the district court or for appellate review."  *United States v. One*

*Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057,

1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the

District Judge of the Magistrate Judge's proposed findings and recommendations and will

result in a waiver of the right to appeal from a judgment of the district court based on the

proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195

F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application of the

"firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).


DATED at Denver, Colorado, this 10th day of October, 2012.


BY THE COURT:



s/Craig B. Shaffer
United States Magistrate Judge


1.       By her own admission, Ms. Dowling has "16 cases between 3 different courts . . . ." (*See Dowling v. Black and McDonald*, No. 11-CV-02696-REB-KMT, Doc. # 73 at 2 of 3, filed July 2, 2012). In addition to the instant case, the following civil actions filed by Ms. Dowling are either pending or were recently dismissed by federal or state courts in Colorado.   These cases involve many of the same or similar claims and factual circumstances alleged in this case.
     1.       *Dowling v. Sturgeon Elec.; William Long; William Fredricks*, Court of Appeals Docket No. 11-1554 (10th Cir. Sept. 20, 2012), summary judgment order affirmed on appeal.     2.       *Dowling v. Mountain States Line Constructors, Mountain States Line Constructors Joint Apprenticeship & Training Comm., Sturgeon Eclectic [sic]/MYR Grp., Quanta Servs./PAA Elec., Black & McDonald, IBEW, & IBEW III*, Civil Action No. 11-cv-01748-LTB (D. Colo., filed July 5, 2011, judgment of dismissal entered Aug. 16, 2011 for failure to cure deficiencies in the initial pleading).
     3.       *Dowling v. Xcel Energy, Black & McDonald, MYR Grp. (Sturgeon Elec.), & Quanta Servs.*, Civil Action No. 11-cv-01776-LTB (D. Colo., filed July 6, 2011, judgment of dismissal entered Aug. 18, 2011 for failure to cure deficiencies in the initial pleading).
     4.       *Dowling v. Black & McDonald, Xcel Energy, MYR Grp. (Sturgeon Elec.), W. Long, W. Fredricks, Mountain States Line Constructors Joint Apprenticeship & Training Comm., Nat'l Elec. Contractors Ass'n (NECA), & Int'l Bhd. of Elec. Workers (IBEW)*, Civil Action No. 11-cv-01838-LTB (D. Colo., filed July 14, 2011, judgment of dismissal entered Sept. 13, 2011 for failure to cure deficiencies in the initial pleading).
     5.       *Dowling v. IBEW Local # 111*, Civil Action No. 11-cv-02695-REB-KMT (D. Colo., filed Oct. 17, 2011, on appeal from Order dated June 11, 2012 dismissing case for failure to prosecute and failure to comply with duly issued orders of the court, Court of Appeals Docket No. 12-1281 (10th Cir., filed Jul. 12, 2012, pending)).
     6.       *Dowling v. Black & McDonald/Custom Lighting Servs.*, Civil Action No. 11-cv-02696-REB-KMT (D. Colo., filed Oct. 17, 2011, Recommendation of United States Magistrate Judge pending, recommending dismissal with prejudice for failure to prosecute and failure to comply with court orders).
     7.       *Dowling v. Mountain States Line Constructors Joint Apprenticeship & Training Comm.*, Civil Action No. 11-cv-02697-REB-KMT (D. Colo, filed Oct. 17, 2011, judgment of dismissal with prejudice dated August 15, 2012 for failure to prosecute and failure to comply with duly issued orders of the court).
     8.       *Dowling v. Xcel Energy*, Civil Action No. 11-cv-3173-REB-MEH (D. Colo., filed Dec. 6, 2011, pending).
     9.       *Dowling v. District of Colorado Clerks [sic] Office*, Civil Action No. 12-cv-01227-BNB (D. Colo., filed May 10, 2012, judgment of dismissal entered June 8, 2012 as legally frivolous).

10. *Dowling v. MYR Group/Sturgeon Electric*, Civil Action No. 12-cv-1869 (Jefferson County District Court, filed May 17, 2012).

11. *Dowling v. U.S. Equal Employment Opportunity Commission Denver*, Civil Action No. 12-cv-01328-LTB (D. Colo., filed May 21, 2012, judgment of dismissal entered June 4, 2012 pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Ms. Dowling sought relief from a Defendant who is entitled to immunity).

12. *Dowling v. Black & MacDonald*, Civil Action No. 12-cv-2000 (Jefferson County District Court, filed May 25, 2012, removed to D. Colo. on July 2, 2012 (Civil Action No. 12-cv-01719-REB-KMT), pending).

13. *Dowling v. Black & MacDonald*, Civil Action No. 12-cv-01718-REB-KMT (D. Colo., filed July 2, 2012, dismissed as duplicative of Civil Action No. 11-cv-1719-REB-KMT).

14. *Dowling v. IBEW*, Civil Action No. 12-cv-2001 (Jefferson County District Court, filed May 25, 2012).

15. *Dowling v. Mountain States Line Contractors Joint Apprenticeship and Training Committee*, Civil Action No. 12-cv-2002 (Jefferson County District Court, filed May 25, 2012; removed to D. Colo. on July 3, 2012 (Civil Action No. 12-cv-01723- WJM-BNB), pending motion to dismiss as duplicative of Civil Action No. 11-cv-2697-REB-KMT).